# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**RAHMIN JEFFERSON**,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 551) AND DENYING DEFENDANT RAHMIN JEFFERSON'S MOTION TO SUPPRESS (D.E. 282)

**THIS CAUSE** is before the Court on the Report and Recommendation of U.S. Magistrate Judge William C. Turnoff ("Report," D.E. 551), issued on December 20, 2010. In his Report, Magistrate Judge Turnoff recommends that Defendant Rahmin Jefferson's Motion to Suppress (D.E. 282), filed on August 28, 2010, be denied. Jefferson filed Objections (D.E. 591) to the Report on January 24, 2011, to which the Government responded (D.E. 682) on April 8, 2011. Upon review of the Report, Objections, Response and the record, the Court finds as follows.

**I.    Background**

Defendant Rahmin Jefferson, alleged participant in a narcotics trafficking conspiracy, now moves to suppress the fruits of a search conducted of his vehicle on September 16, 2009. (*See* Jefferson Mot. to Suppress, D.E. 282.) Magistrate Judge Turnoff held a hearing on the motion on October 12, 2010 (Hearing Tr., D.E. 424) at

which Detective Carlos Velez and FBI Special Agent Lionel S. Lofton, Jr. testified.

The Report recommends denying Jefferson's motion. (Report at 10-11.) Magistrate Judge Turnoff finds that on September 16, 2009, Lofton and Velez had probable cause to stop Jefferson due to information obtained from intercepted phone calls and observed traffic violations. (*Id*. at 4-6.) Once stopped, Lofton and Velez did not unlawfully detain Jefferson while the K-9 officer arrived and the K-9 sniffed Jefferson's car. (*Id*. at 7.) Once the K-9 alerted to the interior of Jefferson's vehicle, the officers had probable cause to search there. (*Id*. at 8.) Finally, the search of Jefferson's vehicle was legal as incident to his lawful arrest and as an inventory search. (*Id*. at 8-10.)

Jefferson objects to the findings of the Report. He first argues that there was no probable cause to stop him based on wiretap intercepts nor his traffic violations. (Objections at 2-4.) Jefferson also contends that the duration of his stop on September 16, 2009 was unconstitutionally prolonged while the K-9 officer arrived. (*Id*. at 6-7.) He also revealed the presence of incense/fake cocaine after he was told the K-9 was on its way. (*Id*. at 4-5.) Finally, he claims that the search of his vehicle was not incident to lawful arrest nor made pursuant to valid inventory search (*Id*. at 8-11.) For these reasons, Jefferson requests this Court to overrule the Magistrate's Report.

The Government responds to Jefferson's objections and in support of the Report's findings and recommendations. In addition to its support for the Report's findings and recommendation, the Government adds that Jefferson lacks standing to move to suppress the search of his vehicle as he was not an authorized driver on the rental agreement. (*See*

2

Resp. at 8-10.)

## II. Discussion

### A. Velez and Lofton Had Probable Cause to Search Jefferson's Vehicle

A search conducted without warrant issued upon probable cause is per se unreasonable under the *Fourth Amendment*, subject to a few specific exceptions. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (quotation omitted). One such exception is the search of an automobile by police when they have probable cause to believe it contains contraband. *United States v. Ross*, 456 U.S. 798, 808-09 (1982) (the probable-cause determination must be based on objective facts that could justify the issuance of a search warrant by a magistrate). Probable cause, in turn, exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007) (citation omitted). The first order of business for this Court is to determine whether Lofton and Velez had probable cause to stop Jefferson.

A traffic stop is valid "if it is either based upon probable cause to believe a traffic violation has occurred or justified by reasonable suspicion in accordance with *Terry*." *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008) (referring to *Terry v. Ohio*, 392 U.S. 1 (1968)). Subjective intentions of the officers making the stop are irrelevant in the ordinary, *Fourth Amendment* probable cause analysis. *Whren v. United States*, 517 U.S. 806, 810 (1996) (rejecting the pretextual stop analysis and looking only to probable cause as justification for the stop).

The Court finds that Jefferson's traffic stop on September 16, 2009 was valid. Detective Velez testified that he and Agent Lofton observed Jefferson run four stop signs after leaving the house of his co-defendant's mother. (Hearing Tr. at 48-49, 58-59.) These observed violations are more than sufficient to give rise to the probable cause necessary for the officers to stop Jefferson's vehicle.

**B.     The Officer's K-9 Search of Jefferson's Vehicle Was Not Unlawful**

Once stopped, Velez decided to call the K-9 officer to come and have the K-9 walk around Jefferson's car. (*Id*. at 51.) Despite Jefferson's objection that the K-9 request was unjustified, the officers required no justification to request the search. *See Illinois v. Caballes*, 543 U.S. 405, 414 (2005) (police ordered K-9 sniff search without particular suspicion; the Supreme Court held that a sniff search does not require a reasonable, articulable suspicion of criminal activity). In *Cabelles*, the Supreme Court held that an exterior sniff search by a K-9 only alerts to the possession of contraband, which is not a legitimate privacy interest protected by the *Fourth Amendment*. 543 U.S. at 408-09. Thus, Jefferson's agument that Lofton and Velez had no reasonable justification to request a K-9 search is irrelevant.

The Court's only concern regarding the K-9 search is whether the delay imposed by the search is reasonable in light of the offense for which Jefferson was stopped. See *United States v. Gonzalez*, 275 Fed. Appx. 930, 933 (11th Cir. 2008). "The duration of the stop must be limited to the time necessary to effectuate the purpose of the stop." *Id.* (Eleventh Circuit held that defendant's detainment of 8 to 10 minutes between his stop for

4

improper lane usage and his consent to sniff search was not unreasonable).

At the hearing, Velez testified that the K-9 arrived "within a minute" of Jefferson's stop as three or four dogs were training in the area that night. (Tr. at 53.) Shortly after, the dog alerted to the presence of a firearm and a bag of what initially field tested positive for cocaine inside Jefferson's car. (*Id.* at 53-54.) Jefferson volunteered to the officers that the bag was filled with incense and he would sell it as cocaine; later it would turn out that the bag of cocaine was really incense. (*Id.* at 55.) Jefferson was then placed under arrest.

In his Objections, Jefferson claims that the time of his stop was unconstitutionally prolonged. (Objections at 6-7.) He does not, however, contradict the testimony of the officers at the hearing nor allege a longer period of time elapsed. Here, the Court must defer to the Magistrate's credibility determination and his role of the fact-finder regarding the length of the stop. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (stating that credibility determinations are within the province of the fact finder and should not be disturbed). Given the short time that elapsed between the stop and K-9 search, in addition to Jefferson's exiting the vehicle and seeming nervousness, the Court finds that the K-9 search was not unreasonable in time or scope. *See Gonzalez*, 275 Fed. Appx. at 931, 934 (the Eleventh Circuit affirmed denial of a motion to suppress, finding that defendant was not unlawfully detained and the subsequent sniff search was not invalid after he was stopped for improper lane usage, became visibly nervous during preliminary questioning and the time between stop and consent to search was 8-10 minutes). Once the K-9 alerted to the Jefferson's car, the officers had probable cause to

conduct a search of the vehicle. *United States v. Glinton*, 154 F.3d 1245, 1257 (11th Cir. 1998). As a result, the firearm found under Jefferson's front seat should not be suppressed.

### C. The Search of Jefferson's Car Was Incident to Lawful Arrest And A Valid Inventory Search

Having found that the officers had probable cause to stop Jefferson, his detainment was not unconstitutionally prolonged, and therefore the evidence found following K-9 search was did not violate Jefferson's *Fourth Amendment* rights, the arrest of Jefferson was lawful.

Searches conducted incident to lawful arrest are an exception to the warrant requirement. *United States v. Robinson*, 414 U.S. 218, 224 (1973). The arrest must be objectively reasonable under the totality of the circumstances. *United States v. Lyons*, 403 F.3d 1248, 1253 (11th Cir. 2005). The search incident to arrest is then allowed of the suspect's person and immediate area from which he can destroy evidence or grab a weapon. *United States v. Standridge*, 810 F.2d 1034, 1037 (11th Cir. 1987).

Here, Jefferson was arrested near the car he was driving. It is unclear just how close he was to the car once the officers found probable cause for his arrest. Contrary to the authority he cites in his Objections, he was not fleeing the scene or a sufficient distance away from his vehicle that the officer's search of his car could not be lawfully deemed a search incident to arrest. *Contrast with United States v. Green*, 324 F.3d 375, 378-79 (5th Cir. 2003) (defendant had fled from his vehicle, was tackled and handcuffed

6

on the ground before officer's decided to search his vehicle).

Jefferson's lawful arrest also triggered the impoundment of the rental vehicle he was driving. Once the vehicle was left without a driver, the officers were within their power to conduct an inventory search to secure Jefferson's property and to protect themselves from any dangers contained within the vehicle. *See Colorado v. Bertine*, 479 U.S. 367, 371 (1987). Such an inventory search is another exception to the warrant requirement. *See id.* Therefore, the items found in the search of Jefferson's vehicle, a handgun, ammunition and a scale, should not be suppressed.

Furthermore, as an unauthorized driver of the rental car, Jefferson has no legitimate privacy interest in the car. *See United States v. Cooper*, 133 F.3d 1394, 1400 (11th Cir. 1998) (citing *United States v. Wellons*, 32 F.3d 117, 119 (4th Cir.1994)); *see also United States v. Boruff*, 909 F.2d 111 (5th Cir. 1990). As an alternative holding, the Court finds Jefferson lacks standing to challenge the post-arrest search of the vehicle he was driving on September 16, 2009.

For all of the foregoing reasons, Jefferson's Motion to Suppress must be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of U.S. Magistrate Judge William C. Turnoff (D.E. 551), issued on November 12, 2011, is **ADOPTED.**

2. DefendantRahmin Jefferson's Motion to Suppress (D.E. 282), filed on August 30, 2010, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of September, 2011.

／s／ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**