# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**ARTRELL TERRENCE GRAY**,

        Defendant.

_____/

## OMNIBUS ORDER ADOPTING REPORTS AND RECOMMENDATIONS (D.E. 716, 725) AND DENYING DEFENDANT ARTRELL TERRENCE GRAY'S MOTION SUPPRESS (D.E. 598) AND MOTION TO SUPPRESS FOR *FRANKS* VIOLATION (D.E. 675)

**THIS CAUSE** is before the Court on the Reports and Recommendations of Magistrate Judge William C. Turnoff (D.E. 716, 725), issued on May 3, 2011 and May 13, 2011, respectively, recommending the denial of Defendant Artrell Terrence Gray's Motion to Suppress (D.E. 598), filed on February 1, 2011 and Motion to Suppress for *Franks* Violation (D.E. 675), filed on April 5, 2011. Gray filed joint Objections (D.E. 737) to the Reports on May 27, 2011, to which the Government responded (D.E. 746) on June 7, 2011. Upon review of the Reports, the Objections, Response and the record, the Court finds as follows.

## I.   Background

Defendant Artrell Terrence Gray is being prosecuted on charges arising from an alleged narcotics distribution ring based out of Miami Gardens. (*See generally*, Superseding Indictment, D.E. 462.) Gray now moves this Court to suppress narcotics,

firearms, ammunition and related items seized in the November 17, 2009 execution of a search warrant at his residence, located at 3001 NW 174 Street, Miami Gardens, Florida. He claims that the search warrant lacks probable cause, fails for lack of particularity and contains a false or misleading statement (*Franks* violation). The warrant had been applied for and obtained by FBI Special Agent Lionel Lofton on November 13, 2009. Paragraph 11 of the Lofton's search warrant affidavit contains the averments upon which the magistrate judge found probable cause to search 3001 NW 174 Street:

> From the review of wire interceptions, your affiant knows that the residence located at 3001 NW 174 Street has been, and is still being used to distribute and store narcotics and firearms. On October 6, 2009, surveillance units were able to identify the location based on wire interceptions. Your affiant has reviewed numerous wire interceptions that indicate narcotics are being weighed, packaged, and distributed from the residence. On November 3, 2009, MGPD Detectives made an arrest of an individual from the Myrtle [G]rove area. The individual was arrested for possession of marijuana, and subsequently told MGPD Detectives that the residence located at 3001 NW 174 Street is currently being used for the distribution of narcotics, and that there are firearms and ammunition inside the residence. On November 6, 2009, MGPD Detectives drove by the residence and observed approximately 15-20 individuals at the residence. The Detectives reported that the individuals observed were known to them as being members of the Murda Grove Boys. Based on the aforementioned information, current wire interceptions, and information obtained from MGPD, your affiant believes that there will be quantities of narcotics, ammunition, and firearms located inside the residence.

(Lofton Aff. ¶ 11, D.E. 610-2.)

Magistrate Judge Turnoff held hearings on Gray's motions to suppress on February 16 and May 10, 2011.

## II.    Reports, Objections and Response

### A. May 3, 2011 Report and Recommendation

In his first Report, Magistrate Judge Turnoff finds that Agent Lofton's affidavit in support of the search warrant contains sufficient allegations for a finding of probable cause that narcotics distribution was occurring at the 3001 NW 174 Street residence. (D.E. 716 at 6.) Specifically, the Report finds that the temporal proximity (5 weeks) of the wire intercepts relating to the use of the property for narcotics storage and distribution, in addition to information provided by an informant and the presence of 15-20 members of the "Murda Grove Boys" gang at the property, is sufficient to find probable cause for the search warrant. (*Id*. at 5-6.) As to particularity, the Report finds that, despite making no distinction between the front apartment and the efficiency separated by inner partition, the warrant is valid as it is based on all information known to the agents at the time of issuance. (*Id*. at 8.) Finally, the Report finds that even if the warrant were deficient, the agents relyied on a facially valid warrant in good faith; thus their search would fall within the good faith exception to the exclusionary rule. (*Id*. at 9-10.)

### B. May 13, 2011 Report and Recommendations

Gray's second motion to suppress centers on the allegation that one of Lofton's statements in his search warrant affidavit was a material misrepresentation; striking this statement would render the remaining allegations in the affidavit insufficient to support a finding of probable cause to search 3001 NW 174 Street.

The second Report finds that Gray fails to "make a preliminary showing that the

Government intentionally or recklessly misrepresented and/or omitted any information in the search warrant affidavit," therefore no hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), is required and Gray's Motion to Suppress should be denied. (D.E. 725 at 7.) The Report also finds that even if the allegedly false statement were stricken and Gray were able to present video evidence, Lofton's affidavit would still support a finding of probable cause to search 3001 NW 174 Street. (*Id.*)

    **C.    Gray's Objections to the Reports and the Government's Response**

Gray objects to the findings of both Reports. He claims that the averments of Lofton's affidavit are insufficient for a finding of probable cause as they are untimely, based on the statements of an unidentified collaborator and mistaken and falsely or recklessly made as to the nature and purpose of the presence of alleged co-conspirators at 3001 NW 174 Street. (Objections at 4-6.)

In its Response, the Government argues that Gray's Objections are untimely as to the first Report and otherwise unpersuasive; therefore both Reports should be adopted. (*See* Resp. at 6-11.)

**III.    Discussion**

**A.    Probable Cause to Search 3001 NW 174 Street**

A search warrant may only be issued upon a showing of probable cause which consists of "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Phillips*, 327 Fed. App'x 855, 859 (11th Cir. 2009) (citation omitted). The probable cause standard is incapable of precise definition or of

being quantified. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). The Government must establish the likelihood that the object items of the search are in that place at the time the warrant is issued. *United States. v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002).

This Court bears the responsibility to ensure that the magistrate judge who issued the warrant had "substantial basis" for concluding the affidavit in support of the search warrant has established probable cause. *Illinois v. Gates*, 462 U.S. 213, 214 (1983). The applicable test is whether the facts presented in the affidavit would "warrant a man of reasonable caution" to believe that evidence of a crime will be found at the place to be searched. *United States v. Strauss*, 678 F.2d 886, 892 (11th Cir. 1982). The Court gives "substantial deference to an issuing magistrate's determination of probable cause." *United States v. Miller*, 24 F.3d 1357, 1363 (11th Cir. 1994).

Beginning with the Government's argument of untimeliness, the Court will nonetheless consider Gray's Objections to the May 3, 2011 Report in the interests of justice.

As to Gray's contention that the information in Lofton's affidavit was stale and untimely, the Court finds that the affidavit described an ongoing conspiracy to distribute narcotics and there existed a near certainty that narcotics and related paraphernalia would be found at 3001 NW 174 Street at the time of warrant's issuance. *See, e.g., United States v. Harrington*, 204 Fed. Appx. 784, 787 (11th Cir. 2006). Lofton's November 3, 2009 affidavit referred to wire intercepts recorded five weeks prior and information provided by an informant only ten days prior. (*See* Lofton Aff. ¶ 10.) The danger of

Lofton's affidavit containing stale information was minimal.

Gray's attack on the veracity of the informant who claimed knowledge of the presence of narcotics and firearms at 3001 NW 174 Street is also unavailing. There is no *per se* rule requiring corroboration of information provided by an informant. *United States v. Brundige*, 170 F.3d 1350, 1353 (11th Cir. 1999); *but see Spinalli v. United States*, 393 U.S. 410, 427 (1969) (demonstrating that an informant has provided correct information supports his veracity on other claims). Establishing the veracity of an informant is unnecessary when there is sufficient independent corroboration of information. *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). Here, the informant's statements that firearms and narcotics were present at 3001 NW 174 Street were corroborated by earlier wire intercepts and observations of other alleged Murda Grove Boys gang members at the residence. *See Harrington*, 204 Fed. Appx. at 787-88 (wiretap application upheld where information from confidential informant was corroborated with other facts).

The Court further finds that Lofton's averment that, only seven days prior, 15-20 members of the Murda Grove Boys were present at the residence supports the finding of probable cause to search. These alleged gang members were known to engage in narcotics distribution, thereby bolstering the probable cause finding in conjunction with the other facts alleged. *See United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994).

> **B. Gray Has Not Sufficiently Shown The Government Committed a *Franks* Violation.**

A defendant alleging a *Franks* violation must make "a substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." 438 U.S. at 155-56. The defendant bears the burden to show any misrepresentation was intentional or reckless and not merely negligent. *United States v. Van Horn*, 789 F.2d 1492, 1500 (11th Cir. 1986). The *Franks* analysis is two pronged: (1) the alleged misrepresentation must have been knowingly or recklessly made by the affiant and (2) the result of excluding the alleged misrepresentations would have been a lack of probable cause for issuance of the warrant. *United States v. Novaton*, 271 F.3d 968, 986-87 (11th Cir. 2001) (citation ommitted).

In order to merit an evidentiary hearing on the Franks issue, the defendant's challenge "must be more than conclusory and must be supported by more than a mere desire to cross examine." *Franks*, 438 U.S. at 171. Allegations of deliberate or reckless misrepresentation must be accompanied by an offer of proof. *United States v. Haimowitz*, 706 F.2d 1549, 1556 (11th Cir. 1983).

Gray claims that Lofton's averment about the 15-20 members of the Murda Grove Boys present at the 3001 NW 174 Street location on November 6, 2009 was false and made intentionally or recklessly. He alleges that the individuals were near the residence but not "at" the residence on that date, and they were merely shooting a music video, a fact confirmed by MGPD detectives who stopped by the area. Gray contends that he has submitted footage of the MGPD detectives stopping at the scene of the music video.

However, Gray offers no affidavits or sworn statements to support his claims that

7

Lofton knew the information he provided in his affidavit was false, misleading or recklessly made. *See Franks*, 438 U.S. at 171-72 (stating that the purpose of submitting affidavits or sworn or reliable statements in support of a Franks violation is to obtain a hearing); *see also United States v. Richardson*, 268 Fed. Appx. 868, 869 (11th Cir. 2008). Thus, Gray has not made sufficient showing that would entitle him to an evidentiary hearing on his motion to suppress for *Franks* violation.

In the alternative, the Court finds that striking Lofton's statement regarding the Murda Grove Boys gang members present at Gray's residence on November 6, 2009 would not affect the magistrate judge's probable cause finding. *See Franks*, 438 U.S. at 154-56 (if the defendant establishes, by preponderance of evidence, perjury or reckless disregard for truth, the false material in the affidavit must be stricken and the remainder analyzed for probable cause). Lofton's affidavit still cites to wire intercepts and information provided by an informant that supports the finding of probable cause that narcotics trafficking was occurring at the residence and that firearms were stored there.

C.  **Exclusionary Rule**

The Court further finds that the agents relied in good faith upon the facially valid warrant when searching Gray's residence. Consequently, the fruits of their search are permitted under the exclusionary rule and should not be suppressed. *See United States v. Leon*, 468 U.S. 897 (1984).[1]

---

[1] Gray does not object to the Report's recommendations regarding the particularity of the search warrant as well as the application of the exclusionary rule. Failure to timely file objections shall bar parties from attacking on appeal the findings contained in the report. *See*

For all of the foregoing reasons, Gray's Motions to Suppress must be denied.

**IV.	Conclusion.**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendations of Magistrate Judge William C. Turnoff (D.E. 716), issued on May 3, 2011, is **ADOPTED**.

2. The Report and Recommendations of Magistrate Judge William C. Turnoff (D.E. 725), issued on May 13, 2011, is **ADOPTED**.

3. Defendant Artrell Terrence Gray's Motion to Suppress (D.E. 598), filed on February 1, 2011, is **DENIED**.

4. Defendant Artrell Terrence Gray's Motion to Suppress for *Franks* Violation (D.E. 675), filed on April 5, 2011, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of September, 2011.

                                                  _/s/ Joan A. Lenard_
                                                  **JOAN A. LENARD**
                                       **UNITED STATES DISTRICT JUDGE**

---

*Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).