**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-20410-CR-LENARD/TURNOFF**

**UNITED STATES OF AMERICA,**

        Plaintiff,

vs.

**JONATHAN MORLEY, ANTWAN ROSHAX GRAY, SHAHEED THOMPSON, et al.,**

        Defendants.
_____/

**OMNIBUS ORDER DENYING DEFENDANT JONATHAN MORLEY'S MOTION IN LIMINE TO EXCLUDE GANG AFFILIATION EVIDENCE (D.E. 292); DENYING DEFENDANT ANTWAN ROSHAX GRAY'S SECOND MOTION IN LIMINE (D.E. 298); AND DENYING DEFENDANT SHAHEED THOMPSON'S MOTION IN LIMINE TO EXCLUDE EVIDENCE (D.E. 340)**

**THIS CAUSE** is before the Court on Defendant Jonathan Morley's Motion in Limine to Exclude Gang Affiliation Evidence (D.E. 292), filed on September 1, 2010, Defendant Antwan Roshax Gray's Second Motion in Limine to Exclude References to "Murda Grove Boys," "Crack," And An Automobile Shooting (D.E. 298), filed on September 1, 2010, and Defendant Shaheed Thompson's Motion in Limine to Exclude Evidence (D.E. 340), filed on September 14, 2010. The Government filed an Omnibus Response (D.E. 387) to these motions on October 8, 2010. Upon review of the Motions, the Omnibus Response and the record, the Court finds as follows.

**I.**     **Defendant Morley's Motion in Limine to Exclude Gang Affiliation**

Defendant Morley moves this Court to exclude any mention or reference at trial to

his alleged gang affiliation, the "Murda Grove Boys." He argues that this evidence should be excluded as irrelevant, prejudicial and impermissible evidence of prior bad acts. (Morley Mot. at 2-5, citing Fed. R. Evid. 403, 404(b).)

The Government opposes Morley's Motion, claiming that evidence of Morley's gang affiliation is relevant to and probative of his participation in the narcotics distribution conspiracy. (Resp. at 1-2.)

Admissibility of gang membership and gang activity evidence must be weighed carefully by district courts. *See United States v. Irvin*, 87 F.3d 860, 864 (7th Cir. 1996) (finding error in the district court's admission of gang membership where defendants were not charged with a conspiracy). Morley relies on Irvin for his argument that his purported membership in the Murda Grove Boys is not germane to the charges against him. (Morley Mot. at 1-2.) However, Irvin is distinguishable as the defendants were not charged with conspiracy to distribute drugs, therefore the admission of gang membership to prove joint venture was minimally relevant but highly prejudicial under Federal Rule of Evidence 403. *See Irvin*, 87 F.3d at 864. The Irvin Court noted that the absence of proof that defendant's gang was a criminal organization involved in narcotics trafficking was the "missing link" that distinguished that case from others where gang evidence had been found admissible. *Id.* at 864, n.4.

Here, Morley is charged with conspiracy to distribute narcotics along with fourteen other co-defendants, nearly all of whom are alleged to be members of the Murda Grove Boys. The Government proffers that one of the main purposes of this gang is to sell

narcotics. *See United States v. Robinson*, 978 F.2d 1554, 1561 (10th Cir. 1992) (affirming the admission of gang evidence where defendant was alleged to be part of the Crips, a gang whose primary purpose was the sale of cocaine); *United States v. Sloan*, 65 F.3d 149, 151 (10th Cir. 1995) (same). Morley's gang membership is but one piece of evidence the Government plans to present at trial to show Morley's knowledge and intent, the existence of the conspiracy and the basis of the relationship between Morley and his co-defendants. *See Sloan*, 65 F.3d at 151.

Therefore, the Court finds that the probative value of the "Murda Grove Boys" to show elements of the narcotics trafficking conspiracy outweighs its prejudicial value under to Rule 403 analysis. Furthermore, this evidence is probative to show Morley's knowledge and intent and therefore admissible under Rule 404(b). Morley's Motion must be denied.

## II. Antwan Roshax Gray's Motion In Limine

Gray joins with Morley to exclude mention and reference to the Murda Grove Boys. On the basis of its analysis in Section I, supra, the Court must deny this portion of Gray's motion.

Gray also moves to exclude reference to a September 3, 2009 intercepted telephone conversation where Gray spoke to co-defendant Jerome McMillan, about "crack." (Gray Mot. at 3-4.) He argues that this evidence is irrelevant, prejudicial and impermissible evidence of other crimes. (*Id.*)

On November 9, 2010, the Government superseded its indictment against Gray,

3

charging him with, inter alia, conspiracy to distribute crack from around May 2009 through June 3, 2010. (*See* Superseding Indictment at 2, D.E. 458.) Because Gray's September 3, 2009 telephone conversation about crack falls within the temporal and substantive ambit of the charged conspiracy, the Court finds that it is part of the *res gestae* and therefore highly probative. Gray's motion to exclude this conversation is denied.

Finally, Gray requests that this Court exclude an October 5, 2009 intercepted telephone conversation with his brother, co-defendant Artrell Terrence Gray, regarding a drive-by shooting. (Gray Mot. at 4.) The Government, in its Response, indicates that it does not intend on using this evidence. Accordingly, this portion of Gray's motion shall be denied as moot.

### III. Shaheed Thompson's Motion In Limine to Exclude Evidence

Thompson moves to exclude all evidence seized from his home on June 3, 2010, all reference to his silence and invocation of his Miranda rights at the time of his arrest on June 3, 2010, and all prior crimes contained in the Government's Notice of Intent to Introduce Prior Bad Act Evidence Pursuant to Federal Rule of Evidence 404(b) (D.E. 218), filed on July 30, 2010.

On November 9, 2010, the Government superseded its indictment against Thompson, charging him with participation in a narcotics trafficking conspiracy from around May 2009 through June 3, 2010. (*See* Superseding Indictment at 2, D.E. 460.) Thus, any evidence seized at his home on June 3, 2010 is part of the *res gestae* of the

4

crime charged and not extrinsic evidence of other bad acts. Moreover, on September 13, 2011, this Court issued an Order Denying Thompson's Motion to Suppress Evidence (D.E. 797) seized from his home on that date. Therefore, Thompson's motion to exclude this evidence is denied.

Thompson also seeks to exclude the invocation of his Miranda rights on June 3, 2010, arguing that any reference to his rights is "unnecessary and inappropriate." (Thompson Mot. at 6 (citing *United States v. Baker*, 432 F.3d 1189, 1198 (11th Cir. 2005).) The Government opposes this request, claiming "that the jury should be made aware of the full statement made by [D]efendant . . . . so that it is not perceived that the Government is attempting to hide any exculpatory statements. (Resp. at. 5-6 (emphasis in original).)

The Government does not cite to authority for its stated purpose to introduce Thompson's post-arrest invocation of his right to silence and the Court is hesitant to simply allow such potentially problematic reference at trial. A passing reference to a defendant's post-arrest silence without specific inquiry or argument generally does not violate due process. *See Baker*, 432 F.3d at 1222 (11th Cir. 2005); *United States v. Cayasso*, 130 Fed. Appx. 371 (11th Cir. 2005). However, impeachment of a defendant by reference to his silence at time of arrest does "violate[] the Due Process Clause and its guarantee against fundamental unfairness." *Baker*, 432 F.3d at 1222 *(citing Doyle v. Ohio*, 426 U.S. 610 (1976)).

Because it is unknown at this time whether Thompson will testify and in what

5

context the Government will attempt to introduce his statements made on June 3, 2010, the Court will deny Thompson's motion without prejudice and revisit the issue at trial.

Finally, Thompson moves to exclude evidence of five convictions for drug-related charges, stretching from October 1999 through October 2006, as prejudicial and improper prior bad acts under Rules 403 and 404(b). These offenses are listed in the Government's Notice and offered as proof of Thompson's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Notice of Intent at 1, D.E. 218.)

In this Circuit, a three-part test governs the admissibility of extrinsic, other crimes evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof for the jury to find that defendant committed the extrinsic act; and (3) the probative value must not be substantially outweighed by its undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005). In balancing the prejudice versus probative value of the other crimes, courts consider "differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1229 (11th Cir. 1993).

Contrary to Thompson's arguments, extrinsic evidence of prior crimes that is probative of his state of mind regarding intent "is admissible unless the defendant affirmatively takes the issue of intent out of the case." *Matthews*, 431 F.3d at 1311 (quotation omitted). Concerning the first prong of the test, "a not guilty plea renders the

6

defendant's intent a material issue" in every conspiracy case. *Id.* This Circuit has previously held that convictions for non-conspiracy drug offenses are admissible under rule 404(b) for the purposes of demonstrating intent to conspire to possess with intent to sell narcotics. *See United States v. Sawyer*, 361 Fed. Appx. 96, 99 (11th Cir. 2010), *citing United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir. 1997) (upholding admission of a prior conviction for possession of cocaine for purposes of demonstrating defendant's intent in the charged conspiracy for possession with intent to distribute).

Thompson has placed his intent at issue by pleading not guilty. *See Matthews*, 431 F.3d at 1311. Thus, his prior convictions involving some of the same narcotics (marijuana and cocaine) with which he is now charged with conspiring to possess with intent to distribute are relevant to the element of his intent.

Thompson does not contest the second prong of the test – sufficient proof for the jury to find that they committed the extrinsic acts. However, the Government has not yet indicated how it will offer proof of his convictions. "[A] conviction is sufficient proof that the defendant committed the prior act." *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997). The Court therefore finds that this prong of the test is satisfied.

Finally, the Court considers the probative value of Thompson's prior convictions versus the danger of unfair prejudice to him. *See Butler*, 102 F.3d at 1195. The prior offenses are similar to the instant conspiracy charge in that they involved the same narcotics as well as possession with intent to sell. The Government also claims to need this evidence to prove its case, especially with regard to the issue of intent. *See Diaz-*

7

*Lizaraza*, 981 F.2d at 1229.

As part of the 403 analysis, the Court must also consider the temporal remoteness of the prior crimes (Thompson's crimes range 1999 through 2006) from the instant charges; noting that a greater interval depreciates the probity of the extrinsic evidence. *See United States v. Mitchell*, 666 F.2d 1385, 1390 (11th Cir. 1982); *United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978). The Eleventh Circuit has generally found that 404(b) evidence is admissible where the offenses are three years apart. *See United States v. Hernandez*, 896 F.2d 513, 522 (11th Cir. 1990); *United States v. Hitsman*, 604 F.2d 443, 448 (5th Cir. 1979); *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991). However, a "six-year old conviction might carry far less probative weight due to its temporal remoteness." *Hernandez*, 896 F.2d at 522-23.

Here, Thompson's charged crimes began in May 2009. Thus, the Court finds that under Rule 403, his convictions for narcotics offenses that are within approximately four years of that period are admissible as more probative than prejudicial. *See Beechum*, 582 F.2d at 915; *Butler*, 102 F.3d at 1195; *see also United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003). The admissible prior convictions are limited to only Thompson's state case no. 06-18807CF10A. (*See* Gov't's Notice of Intent. D.E. 218.) The Court shall reserve ruling on the remainder of his prior convictions until trial, at which time it will revisit the issue in light of the strength of the Government's case and the need of the Government to present this evidence as proof of Thompson's intent to conspire to possess narcotics with intent to sell.

8

## IV. Conclusion.

Consistent with the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendant Jonathan Morley's Motion In Limine to Exclude Gang Affiliation Evidence (D.E. 292), filed on September 1, 2010, is **DENIED**.

2. Defendant Antwan Roshax Gray's Second Motion in Limine (D.E. 298), filed on September 1, 2010, is **DENIED** in part and **GRANTED** in part.

3. Defendant Shaheed Thompson's Motion in Limine to Exclude Evidence (D.E. 340), filed on September 14, 2010 is **DENIED in part** as to his 2006 narcotics offense and the Court **RESERVES RULING** until trial on the admissibility of his full post-arrest statement and his remaining prior convictions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of September, 2011.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**